**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**PEDRO RUIZ,**

                **Plaintiff,**                                        **ORDER**

                **-against-**                                  **16-CV-6073 (PKC)(RLM)**

**THE CITY OF NEW YORK, et al.,**

                **Defendants.**
-------------------------------------------------------------X

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Pedro Ruiz ("plaintiff"), then-incarcerated at the Robert N. Davoren Complex ("RNDC") on Rikers Island, filed this *pro se* action against defendants challenging the conditions of his confinement. Plaintiff alleges that while incarcerated at the RNDC, he was denied a double mattress although he suffers from a hernia and spinal stenosis.[1]

By order dated November 17, 2016, this Court granted plaintiff's request to proceed *in forma pauperis* and directed the United States Marshals Service to serve the summons and complaint upon the City of New York, the New York City Health and Hospitals Corporation, Joseph Ponte, the Commissioner for the New York City Department of Corrections, the Warden and Deputy Warden at the RNDC facility on Rikers Island, and the John Doe defendants, without prepayment of fees. See Order (Nov. 17, 2016), Electronic Case Filing Docket Entry ("DE") #6.

---

[1] Plaintiff also filed a separate action alleging the denial of medication while incarcerated at the RNDC. See Ruiz v. New York City, et al., No. 16-CV-6074 (PKC) (RLM) (pending).

At a conference held on February 8, 2017, the Court attempted to clarify with plaintiff whom he intended to sue in this action and directed him to serve and file an amended complaint by February 27, 2017. See Minute Entry (Feb. 8, 2017), DE #14. The Court further directed defense counsel to identify the physician's assistant described by plaintiff and to provide addresses for service on the defendants. See id.

On February 21, 2017, plaintiff filed an amended complaint. See Amended Complaint (Feb. 21, 2017), DE #16. Unfortunately, it is still unclear to the Court whom plaintiff intends to name as defendants in the Amended Complaint. In the caption of the Amended Complaint, like the original Complaint, plaintiff lists as defendants: "The City of New York; Commissioner of NYC Corrections; Warden of NYC Dept. of Corrections; Deputy Warden of NYC Dept. of Corrections; Captain(s) and Correctional Officers, NYC Dept. of Corrections and the NYC Dept. of Health and Hospitals, Corp." See id. at 1. However, in the section of the form Amended Complaint that seeks the "full names of each defendant," and warns that "the defendants listed here must match the defendants named in the caption on page 1," plaintiff listed only three defendants: "Doctor McDonald"; "Doctor Shaban"; and "Physicians Assistant ('Chico')." See id. at 2. Elsewhere in the form Amended Complaint, under the heading "Statement of Claim," the form includes the instruction to "[i]nclude the names of each defendant and state how each person named was involved in the event you are claiming violated your rights." See id. at 3. However, plaintiff failed to mention any individual in the description of his claim. See id.

In response to this Court's directive at the February 8, 2017 conference, defendants filed a letter on March 1, 2017, providing the full names and service addresses for "Doctor

McDonald," "Doctor Shaban," NYC Health and Hospitals Corporation, the Commissioner of NYC Corrections, Warden of NYC Dept. of Corrections and the Deputy Warden of Programs for the Robert N. Davoren Complex. See Letter to Court from James M. Dervin (Mar. 1, 2017), DE #17. Defendants were unable to identify "Physicians Assistant ('Chico')" or "Captain(s) and Correctional Officers." See id. at 2.

Upon reviewing plaintiff's Amended Complaint, this Court deems plaintiff to have amended the complaint to name as defendants only Doctor Ross McDonald, Doctor Morsi Shaaban and "Physicians Assistant ('Chico')," since those are the individuals plaintiff identified as defendants in the body of the Amended Complaint and whom he described at the February 8th conference as being personally involved in the alleged deprivation of his rights. See JCG v. Ercole, No. 11 Civ. 6844(CM)(JLC), 2014 WL 1630815, at *16 (S.D.N.Y. Apr. 24, 2014) ("the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim") (internal quotations and citations omitted); Mateo v. Jet Blue Airways Corp., 847 F.Supp.2d 383, 384 n.1 (E.D.N.Y. 2012). Accordingly, the Clerk of Court is hereby directed to amend the docket sheet accordingly and to issue summonses. The United States Marshals Service is requested to serve the summons and complaint upon Doctor Ross MacDoanld and Doctor Morsi Shaaban at Correctional Health Services, Queens Warehouse, 49-04 19th Avenue, Astoria, New York 11105, Attention: Ms. Marelle Lowe, Deputy Director of Medical Records, without prepayment of fees. The United States Marshals Service, however, will not be able to serve "Physicans Assistant ('Chico')" without further identifying information. Thus, plaintiff must provide more information regarding "Chico,"

including the approximate date on which plaintiff received medical treatment from "Chico," by March 29, 2017.

      **SO ORDERED.**

**Dated:**     **Brooklyn, New York**
              **March 15, 2017**

/s/      _Roanne L. Mann_
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**